```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

------------------------------X
                              :
RAYMOND LASKY,                :
                              :
          Plaintiff,          :
                              :
v.                            :      Civ. No. 3:13CV01691(AWT)
                              :
JOHN MCHUGH, SECRETARY OF     :
THE ARMY,                     :
                              :
          Defendant.          :
                              :
------------------------------X
```

**RULING ON DEFENDANT'S MOTION TO DISMISS**

The pro se plaintiff, Raymond Lasky ("Lasky"), brings this action against the Secretary of the Army, John McHugh, in his official capacity ("McHugh"), pursuant to 42 U.S.C. § 1983, claiming violations of his rights under the Fourth, Fifth, Sixth, Thirteenth and Fourteenth Amendments of the United States Constitution. His claims arise from his bad conduct discharge from the United States Army in 1951.

McHugh moves to dismiss this action pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and also moves, in the alternative, for summary judgment on certain claims.

I.   **FACTUAL BACKGROUND**

The operative complaint is the Complaint (Doc. No. 1) ("Compl."), as modified by the plaintiff's motion Challenging as Unconstitutional, Summary-Court Martial Proceedings (Doc. No.

15) and the Motion to Amend Complaint (Doc. No. 25) (collectively, the "Amended Complaint"). (See Order re the Plaintiff's Pending Motions (Doc. No. [37].)

The relevant facts of Lasky's military service are set forth in the Record of Proceedings of the Army Board for the Correction of Military Records ("ABCMR"):

    4.    [Lasky] enlisted in the Regular Army on 13 February 1950.

    5.    [Lasky's service record] indicates he was absent without leave (AWOL) from 12 to 15 January 1951.

    6.    On 10 April 1951, he was convicted by a summary court-martial of being AWOL from 1 to 21 March 1951. He was sentenced to forfeiture of $58.00 and to perform hard labor without confinement for 45 days.

    7.    On 12 April 1951, he was convicted by a summary court-martial of being AWOL from 3 to 7 April 1951. He was sentenced to forfeiture of $58.00 and to perform hard labor without confinement for 7 days.

    8.    [Lasky's service record] also indicates he was AWOL from 2 to 3 May 1951.

    9.    On 16 May 1951, contrary to his pleas, he was convicted by a special court-martial of:

- wrongfully, unlawfully, and falsely having a certain instrument purporting to be a furlough order

- wearing upon his uniform the insignia of the grade of corporal

- making a false statement to a commissioned officer

10. He was sentenced to a bad conduct discharge, confinement at hard labor for 6 months, and a forfeiture of $55.00 per pay month for 6 months.

11. On 23 May 1951, the court-martial convening authority approved the sentence, but reduced the forfeiture to $53.00 pay per month for 6 months.

12. On 2 July 1951, the authority exercising general court martial jurisdiction approved the sentence as modified by the convening authority. The application of the forfeiture was deferred until the sentence was ordered into execution. The record of trial was forwarded to the Judge Advocate General of the Army for review.

13. On 30 August 1951, the Office of The Judge Advocate General affirmed the findings of guilty and the sentence.

14. On 23 October 1951, the bad conduct discharge was ordered executed.

15. He was discharged on 7 November 1951 under the provisions of Army Regulation 615-364 (Enlisted Personnel: Dishonorable and Bad Conduct) as a result of court-martial. He completed 1 year, 2 months, and 12 days of creditable active service with 183 days of time lost.

16. On 13 November 1952, the Army Discharge Review Board denied the applicant's request for an upgrade of his discharge.

(Certified Administrative Record ("AR") (see Doc. No. 16-3) 0005-06.)

Lasky alleges that during his May 1951 court martial proceedings he never received a notice of the charges, was not

provided with counsel, didn't enter a plea, and was not given the opportunity to make a statement.[1]  (Compl. ¶¶ 9-11.)

Lasky's original military records were destroyed by a fire at the National Personnel Records Center in 1973.  A portion of his records, including his separation document, were recovered.  (Compl., Ex. A-1.)

In August 2011, Lasky applied for an upgrade to a general discharge on the basis of his post-service conduct.  (AR 0159.)  On October 21, 2011, the ABCMR closed Lasky's case because his records were on loan to another agency, and directed Lasky to wait at least 90 days before submitting a new application.  (Compl. ¶ 18.)

In January 2012, the Army contacted Lasky and notified him that although his records were partially destroyed by fire in 1973, the ABCMR would consider his August 2011 application.  (AR 0135.)  On May 23, 2012, the ABCMR considered Lasky's application and concluded that, "[b]ased on the seriousness of the misconduct for which he was convicted", there was no basis for upgrading his discharge.  (AR 0121.)

On June 2, 2012, Lasky requested reconsideration of the ABCMR's May 23, 2012 decision, and subsequently filed a brief in support of his request.  (AR 0049-56, 0115.)  On February 14,

---

[1] The court notes that although the Amended Complaint alleges that Lasky's Constitutional rights were violated at a May 3, 1951 court martial proceeding, the Administrative Record states that Lasky was convicted by special court martial on May 16, 1951.  (See AR 0005.)

2013, the ABCMR reconsidered Lasky's application and concluded that there was "an insufficient evidentiary basis for granting [Lasky] a general discharge."  (AR 0007.)

**II.  LEGAL STANDARD**

   **A.   Motion to Dismiss for Lack of Subject Matter Jurisdiction**

A claim is properly dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) when the court lacks the statutory or constitutional power to adjudicate the claim. See Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1187 (2d Cir. 1996). On a Rule 12(b)(1) motion to dismiss, the party asserting subject matter jurisdiction "bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." Aurechione v. Schoolman Transp. Sys., Inc., 426 F.3d 635, 638 (2d Cir. 2005). When reviewing a motion to dismiss for lack of subject matter jurisdiction, the court may consider evidence outside the pleadings. See Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).

   **B.   Motion to Dismiss for Failure to State a Claim**

When deciding a motion to dismiss under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly, 550 U.S. 550, 555 (2007), citing Papasan v. Allain, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 557 (internal quotation marks omitted)).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true (even if doubtful in fact)."  Twombly, 550 U.S. at 555 (citations omitted).  However, the plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face."  Id. at 570. "The function of a motion to dismiss is 'merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'"  Mytych v. May Dept. Store Co., 34 F. Supp. 2d 130, 131 (D. Conn. 1999), quoting Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984).  "The issue on a motion to dismiss is not whether the

plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims." United States v. Yale New Haven Hosp., 727 F. Supp. 784, 786 (D. Conn. 1990) (citing Scheuer, 416 U.S. at 232).

In its review of a motion to dismiss for failure to state a claim, the court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." Samuels v. Air Transport Local 504, 992 F.2d 12, 15 (2d Cir. 1993).

When considering the sufficiency of the allegations in a pro se complaint, the court applies "less stringent standards than [those applied to] formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Branham v. Meachum, 77 F.3d 626, 628-29 (2d Cir. 1996). Furthermore, the court should interpret the plaintiff's complaint "to raise the strongest arguments [it] suggest[s]." Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

**III. DISCUSSION**

    **A.   Section 1983 Claim**

Lasky states that he is bringing claims pursuant to 42 U.S.C. § 1983 for violations of his Fourth, Fifth, Sixth, Thirteenth and Fourteenth Amendment rights.  (See Compl. ¶ 1.) "Section 1983 creates a cause of action against any person who,

acting under color of state law, abridges 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." Shakhnes v. Berlin, 689 F.3d 244, 250 (2d Cir. 2012) (quoting Section 1983). Lasky does not allege a violation under the color of state law. Therefore, Lasky's Section 1983 claims are being dismissed for failure to state a claim.

Because Lasky is proceeding pro se, the court considers whether the Amended Complaint can be construed to state a viable claim on another basis.

**B.   Bivens Claim**

The court first considers whether the Amended Complaint could be construed to state a viable Bivens claim against McHugh. See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

Lasky brings this action against McHugh in his official capacity as Secretary of the Army. Bivens actions "must be brought against . . . federal officers involved in their individual capacities." Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 510 (2d Cir. 1994). "Because an action against . . . federal officers in their official capacities is essentially a suit against the United States, such suits are also barred under the doctrine of sovereign immunity, unless such immunity is waived." Id.  Thus, Lasky's Bivens claim

-8-

against McHugh in his official capacity is being dismissed for lack of subject matter jurisdiction.

To the extent that Lasky brings an action against McHugh in his individual capacity, it is being dismissed for failure to state a claim. "[A] plaintiff in a Bivens action is required to allege facts indicating that the defendants were personally involved in the claimed constitutional violation." Arar v. Ashcroft, 585 F.3d 559, 569 (2d Cir. 2009). Lasky does not allege that McHugh had any involvement in Lasky's court martial.

**C.   Challenge to Court Martial Convictions**

**1.   Direct Challenge**

To the extent that the Amended Complaint could be construed as a direct challenge to Lasky's May 1951 court martial conviction, such a claim is being dismissed. As an initial matter, Lasky's claims are time barred by the statute of limitations for civil actions against the federal government. "[E]very civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." 28 U.S.C. § 2401(a). "If a service member brings a direct challenge to his or her discharge, the six-year statute of limitations of § 2401(a) is the period of limitations that applies." Nihiser v. White, 211 F. Supp. 2d 125, 128 (D.D.C. 2002) (citing Kendall v. Army Bd. for Correction of Military Records, 996 F.2d 362, 365 (D.C. Cir.

1993) ("[section 2401(a)] applies to all civil actions whether legal, equitable, or mixed.")).[2]

In the Amended Complaint, Lasky seeks "compensatory damages for loss of pay" arising out of his court martial. (Motion to Amend Complaint (Doc. No. [25]) ¶ G.) "In the instances in which a claim for monetary relief may be framed, a servicemember may enter the Court of Federal Claims with a challenge to dropping from the rolls (or other discharge) under the Tucker Act. . . ." Clinton v. Goldsmith, 526 U.S. 529, 539 (1999). The Tucker Act, 28 U.S.C. § 1491, and the "Little Tucker Act," 28 U.S.C § 1346(a)(2), provide "subject matter jurisdiction . . . for non-tort claims 'against the United States . . . founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States.'" C.H. Sanders Co. v. BHAP Housing Dev. Fund Co., 903 F.2d 114, 119 (2d Cir. 1990) (quoting 28 U.S.C. § 1346(a)(2)). "The Tucker Act confers jurisdiction over such claims upon the Court of Claims, see 28 U.S.C. § 1491; the Little Tucker Act confers concurrent jurisdiction upon district courts when the amount of the damage

---

[2] In the Amended Complaint, Lasky alleges that he was denied certain constitutional rights during his court martial proceedings in May 1951. Lasky does not provide any legal analysis or cite any authority in support of these contentions. In any event, Lasky's contentions appear to rely on legal developments that post-date his court martial proceedings. The defendant states that "the Supreme Court of the United States, decisions (pre and post 1960, gave all Defendants (Civilian or Military), those new Rights at all trials (Civilian or Military), those new Laws and Rules did not exist during Plaintiffs' Court-Martial, on May 3rd, 1951." (Compl. ¶ 20.)

claim is $10,000 or less, see id. § 1346(a)(2)." Adeleke v. United States, 355 F.3d 144, 151-52 (2d Cir. 2004).

Because Lasky seeks to recover $25,000, which is substantially more than the $10,000 limit on the district courts' concurrent jurisdiction under the Little Tucker Act, this court does not have jurisdiction over Lasky's claim for compensatory damages, and this claim is being dismissed for lack of subject matter jurisdiction.

To the extent that the Amended Complaint could be construed as containing a Federal Tort Claims Act ("FTCA") claim, such a claim is barred pursuant to Feres v. United States, 340 U.S. 135 (1950), where the Supreme court held that the FTCA "does not permit military personnel to sue the United States government for compensation for injuries that 'arise out of or are in the course of activity incident to service,' even if those injuries would be otherwise actionable under the FTCA." Dibble v. Fenimore, 545 F.3d 208, 214 (2d Cir. 2008) (quoting Feres, 340 U.S. at 146).

### 2. Collateral Challenge

"[A] civilian . . . may collaterally attack court-martial jurisdiction in the district court without exhausting military remedies." Machado v. Commanding Officer, Plattsburgh Air Force Base, 860 F.2d 542, 546 (2d Cir. 1988).  See also Schlesinger v.

Councilman, 420 U.S. 738, 746-53 (1975).  Lasky does not allege facts that could provide a basis for a collateral attack here.

"Habeas corpus proceedings have been and remain by far the most common form of collateral attack on court-martial judgments." Schlesinger v. Councilman, 420 U.S. 738, 747 (1975).  "To invoke habeas corpus review by a federal court, the petitioner must satisfy the jurisdictional "in custody" requirement of 28 U.S.C. § 2255." Scanio v. United States, 37 F.3d 858, 860 (2d Cir. 1994).  Because Lasky does not allege that he is in custody, he has failed to state a habeas challenge.

To the extent that Lasky seeks a writ of coram nobis, such a claim is being dismissed for lack of subject matter jurisdiction.  A writ of coram nobis is an ancient common law remedy that, in its modern incarnation, "can issue to redress a fundamental error, [such as] a deprivation of counsel in violation of the Sixth Amendment, [or] mere technical errors." United States v. Denedo, 556 U.S. 904, 911 (2009).  "To confine the use of coram nobis so that finality is not at risk in a great number of cases, [the Supreme Court was] careful in Morgan to limit the availability of the writ to 'extraordinary' cases presenting circumstances compelling its use 'to achieve justice.'" Id. (quoting United States v. Morgan, 346 U.S. 502, 507 (1954)).  "In federal courts the authority to grant a writ

of coram nobis is conferred by the All Writs Act . . . [however,] a court's power to issue any form of relief — extraordinary or otherwise — is contingent on that court's subject-matter jurisdiction over the case or controversy." Id. "[T]he All Writs Act does not confer jurisdiction on the federal courts." Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 29 (2002). Because, as noted above, this court does not have subject matter jurisdiction over Lasky's May 1951 court martial conviction, it does not have jurisdiction to issue a writ of coram nobis in this case. See, e.g., Finkelstein v. Spitzer, 455 F.3d 131, 134 (2d Cir. 2006) (ruling that the district courts lack jurisdiction to issue writs of coram nobis to set aside judgments of state courts).

**D. Any Challenge of ABCMR Denial of Clemency**

McHugh has moved, in the alternative, for summary judgment to the extent that the Amended Complaint could be construed to include a challenge, pursuant to the Administrative Procedure Act ("APA"), to the ABCMR's denial of Lasky's request for an upgrade to a general discharge on the basis of his post-service conduct.[3]

The APA provides that a "person suffering legal wrong because of agency action, or adversely affected or aggrieved by

---

[3] The court considers whether Lasky has a viable APA claim in deference to his pro se status, even though Lasky does not mention the APA.

agency action within the meaning of a relevant statute" is entitled to judicial review of such a claim. 5 U.S.C. § 702. The reviewing court shall "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law . . . . [or] unsupported by substantial evidence . . . ." 5 U.S.C. § 706. "In making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party . . . ." Id. "Under the APA, judicial review of an agency decision is typically limited to the administrative record." Kappos v. Hyatt, 132 S. Ct. 1690, 1696 (2012).

A district court's review of agency action "is to be searching and careful, [but] the ultimate standard of review is a narrow one. The court is not empowered to substitute its judgment for that of the agency." Citizens to Pres. Overton Park, Inc. v. Volpe, 401 U.S. 402, 416 (1971). Under the arbitrary and capricious standard, a reviewing court must "determine whether the agency has considered the pertinent evidence, examined the relevant factors, and articulated a satisfactory explanation for its action including whether there is a rational connection between the facts found and the choice made." Gully v. Nat'l Credit Union Admin. Bd., 341 F.3d 155, 163 (2d Cir. 2003). Under the substantial evidence standard, "if

there is such evidence as a reasonable mind might accept as adequate to support a conclusion then the agency's decision must be accepted even when the court would have drawn a different conclusion from the evidence." Dibble v. Fenimore, 545 F.3d 208, 216 (2d Cir. 2008) (internal quotation marks omitted).

"Decisions of [military review boards] are subject to review under § 706 of the Administrative Procedures Act." Frizelle v. Slater, 111 F.3d 172, 176 (D.C. Cir. 1997). Thus, "rulings of a Board for the Correction of Military Records can be set aside only if they are arbitrary, capricious, or unsupported by substantial evidence." Dibble, 545 F.3d at 216.

"The [Secretary of the Army] has broad discretion in administering the correction of military records. However, the Board's action must be supported by reasoned decisionmaking. If the Board's explanation for its determination . . . lacks any coherence, the court owes no deference to the Board's purported expertise because we cannot discern it." Haselwander v. McHugh, 774 F.3d 990, 996 (D.C. Cir. 2014) (internal citations and quotation marks omitted). "When a military records correction board fails to correct an injustice clearly presented in the record before it, it is acting in violation of its statutory mandate under 10 U.S.C. § 1552. And such a violation, contrary to the evidence, is arbitrary and capricious." Id. (internal citations and quotation marks omitted). "[I]n determining

whether the Board's decision was not supported by substantial evidence, if there is such evidence as a reasonable mind might accept as adequate to support a conclusion then the agency's decision must be accepted even when the court would have drawn a different conclusion from the evidence." Dibble, 545 F.3d at 216.  A party seeking review of a military review board decision bears the burden of overcoming "the strong but rebuttable presumption that administrators of the military, like other public officers, discharge their duties correctly, lawfully, and in good faith."  Frizelle, 111 F.3d at 177 (internal quotation marks and citations omitted).

"Section 702 of the APA waives the federal government's sovereign immunity in actions for non-monetary relief against an agency or officer thereof brought under the general federal question jurisdictional statute." Sharkey v. Quarantillo, 541 F.3d 75, 91 (2d Cir. 2008) (internal quotations and citation marks omitted).  In addition to his claims for monetary relief, which are being dismissed, Lasky seeks an upgrade of his dishonorable discharge.  (See Compl. ¶ 13.)  Thus, the court reviews the decision of the ABCMR to deny this upgrade under the APA's arbitrary and capricious standard.

After reviewing the administrative record, the court concludes that, to the extent Lasky brings a claim pursuant to the APA, the ABCMR's decision denying the plaintiff an upgraded

-16-

discharge was not arbitrary, capricious, or unsupported by substantial evidence. Therefore, McHugh is entitled to summary judgment.[4]

The ABCMR's authority is limited to "correction of a record to reflect actions taken by reviewing authorities" and "action on the sentence of a court-martial for purposes of clemency." 10 U.S.C. § 1552. Pursuant to its clemency power, the ABCMR is authorized to "remit or suspend any part or amount of the unexecuted part of any court-martial sentence", which includes authorization, "for good cause, to substitute an administrative form of discharge for a discharge or dismissal executed in accordance with the sentence of a court-martial." U.S. Dep't of Army, Reg. 27-10, Military Justice, ¶ 5-39a. Lasky does not claim that he sought a remittance or suspension of an unexecuted part of his court martial. Therefore, the only basis for an ABCMR review of his sentence was an upgrade pursuant to its clemency power.

Lasky was discharged on November 7, 1951 following his special court martial for "wrongfully, unlawfully, and falsely having a certain instrument purporting to be a furlough order", "wearing upon his uniform the insignia of the grade of

---

[4] In the alternative, McHugh argues that the ABCMR's decision not to upgrade Lasky's discharge "is not reviewable by this Court" because this case implicates the military's clemency power within the context of the military justice system. Because the court is granting summary judgment as to this claim, the court does not consider McHugh's alternate ground.

corporal", and "making a false statement to a commissioned officer." (AR 0005.)

Lasky initially appealed to the ABCMR for an upgraded discharge based on his post-service conduct. (See AR 0068.) In its decision, the ABCMR noted that good post-service conduct alone is not normally a basis for upgrading a bad conduct discharge to a general discharge, which is a separation from the Army under honorable conditions. (See AR 0120.) See U.S. Dep't of Army, Reg. 635-200 ¶ 3-7b (Sept. 6, 2011). The ABCMR then considered the gravity of the offenses charged, which included possessing a fraudulent furlough order and impersonating a corporal, and determined that "based on the seriousness of the misconduct for which [Lasky] was convicted, his service clearly did not meet the standards of acceptable conduct and performance duty for Army personnel." (AR 0121.) The ABCMR also noted that although Lasky contended his post-service conduct was good, he had "not provided other evidence of post-service conduct that would support relief as a matter of equity." (AR 0121.) Thus, the ABCMR had substantial evidence supporting its decision to deny Lasky an upgrade to his discharge.

Lasky then sought reconsideration of the ABCMR's decision. The ABCMR considered Lasky's arguments and again concluded that there was an insufficient evidentiary basis for granting Lasky an upgrade to a general discharge. As to Lasky's argument that

there were procedural deficiencies during his court martial proceeding, the ABCMR correctly noted that it was only empowered to grant Lasky relief based on its clemency powers. (See 10 U.S.C. § 1552.) The ABCMR considered and rejected Lasky's remaining arguments, noting that Lasky "did not provide any evidence . . . that he did not receive notices of charges, his records were replete with errors, his rights were violated, or that he did not receive fair and impartial courts-martial." (AR 0006.)

"The reviewing court must take into account contradictory evidence in the record, but the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." Cellular Phone Taskforce v. F.C.C., 205 F.3d 82, 89 (2d Cir. 2000) (citing American Textile Mfr. Inst., Inc. v. Donovan, 452 U.S. 490, 523 (1981)).

Here, given the evidence and arguments before the ABCMR, its decision not to grant Lasky an upgrade to a general discharge was not arbitrary, capricious, or unsupported by substantial evidence.

## IV. CONCLUSION

For the reasons above, the Defendant's Motion to Dismiss or, Alternatively, for Summary Judgment (Doc. No. 16) is hereby GRANTED.

The Clerk shall close this case.

It is so ordered.

Dated this 17th day of March 2015, at Hartford, Connecticut.

>                          /s/
>                     Alvin W. Thompson
>                United States District Judge